## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among defendants C & I Associates, Inc., C & I Telecommunications, Inc., William Giannini, Nelson Izquierdo, and Androke Polonio (hereinafter collectively "Defendants"), and Plaintiffs David Kittay as Trustee for the Bankruptcy Estate of Cesar Almanzar, Felix Corporan, Juan De La Cruz, Juaneris De La Cruz, Juan Diaz, Jorge Done, Valentin Menaldo, Juan Ogando, Marcus Reyes, Wilson Rossis, individually and on behalf of all others similarly situated (hereinafter collectively "Plaintiffs"). Defendants and Plaintiffs are referred to collectively as the "Parties."

## RECITALS

WHEREAS, Almanzar, Corporan, Juan De La Cruz, Juaneris De La Cruz, Diaz, Done, Menaldo, Ogando, Reyes, and Rossis commenced a lawsuit against the Defendants in the Southern District of New York by filing a Complaint on March 14, 2014, docket number 14 Civ. 1810 (SHS) (AJP) (the "Action"), seeking wages, liquidated damages, wage notice violations, interest, attorney's fees and costs against the Defendants pursuant to federal and state laws including the Fair Labor Standards Act of 1938, as amended ("FLSA"), the New York Labor Law, the New Jersey State Wage and Hour Law, and related regulations; and

WHEREAS, Constantino Acevedo, Khardryk Artis, Ernst Jean Baptiste, John Bennett, Jose Bermudez, Raul Campusano, Juan E. Felix Caro, Jorge Corporan, Wilkin A. Corporan, James Dee Jimenez Duran, Wilson Espinosa, Maiker Estrella, Elinller Frias, Sergio Garcia, Juan Ramon Alejandro Guerrero, Carlos Hilberto Hernandez, Yordy M. Hernandez, Marc Azer Louis Jean, Joel Jimenez, Edward Jorge, Gerasimo E. Liranzo, Pedro E. Madera, Frederick Malcom, Alcides Matos, Noe Oscar Paulino, Emilio Perez, Wilson Daniel Perez, Claudio Antonio Pimentel, Fausto Pineda, Markeith J. Powell, Jose M. Rodriguez, Michael Alberto Rodriguez, Juan Mindi Soto, and Ernest Torres subsequently joined the Action by filing consent to sue forms, pursuant to the FLSA, and opting into the Action; and

WHEREAS, Plaintiffs did not seek and the Court did not grant class certification of the Action pursuant to Federal Rule of Civil Procedure 23; and

WHEREAS, on or about March 31, 2016, by order of the Court in the Action, David Kittay was substituted as party plaintiff in place and stead of Almanzar; and

WHEREAS, on June 30, 2016, the Plaintiffs and Defendants, by their duly designated representatives, attended a settlement conference, at which the Honorable Andrew J. Peck presided, where they executed a Memorandum of Understanding with a view toward settlement of the Action; and

WHEREAS, prior to such resolution the parties engaged in more than two years of contested discovery and motion practice, including summary judgment motions submitted by each party and decided by the Court on March 31, 2016; and

WHEREAS, disputed issues remain, including the amount of damages and whether Defendant Giannini is liable; and

WHEREAS, Plaintiffs have examined extensive financial disclosures from Defendants and the parties agree that Defendants will be unable to satisfy a judgment for the amount of wages and damages owed; and

WHEREAS, the Parties mutually desire to fully resolve and forever settle all of the claims asserted by the Plaintiffs in the Action, in order to ensure that the maximum possible amount of available funds is paid in damages to Plaintiffs and to avoid the time, expense and inconvenience of further litigation; and

WHEREAS, the Parties are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of the MOU and this Agreement, and the Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel;

NOW, THEREFORE, the Parties agree as follows:

AGREEMENT

1. DEFINITIONS The terms set forth below shall be defined as follows:

1.1 Plaintiffs. "Plaintiffs" means David Kittay as Trustee for the Bankruptcy Estate of Cesar Almanzar, Felix Corporan, Juan De La Cruz, Juaneris De La Cruz, Juan Diaz, Jorge Done, Valentin Menaldo, Juan Ogando, Marcus Reyes, Wilson Rossis, Constantino Acevedo, Khardryk Artis, Ernst Jean Baptiste, John Bennett, Jose Bermudez, Raul Campusano, Juan E. Felix Caro, Jorge Corporan, Wilkin A. Corporan, James Dee Jimenez Duran, Wilson Espinosa, Maiker Estrella, Elinller Frias, Sergio Garcia, Juan Ramon Alejandro Guerrero, Carlos Hilberto Hernandez, Yordy M. Hernandez, Marc Azer Louis Jean, Joel Jimenez, Edward Jorge, Gerasimo E. Liranzo, Pedro E. Madera, Frederick Malcom, Alcides Matos, Noe Oscar Paulino, Emilio Perez, Wilson Daniel Perez, Claudio Antonio Pimentel, Fausto Pineda, Markeith J. Powell, Jose M. Rodriguez, Michael Alberto Rodriguez, Juan Mindi-Soto, and Ernest Torres.

1.2 Plaintiffs' Counsel. "Plaintiffs' Counsel" means MFY Legal Services, Inc. (299 Broadway, 4th Floor, New York, New York 10007) and Jonathan A. Bernstein of Levy Davis & Maher, LLP (39 Broadway, Suite 1620, New York, New York 10006).

1.3 Defendants. "Defendants," as defined above as well, means C & I Associates, Inc., C & I Telecommunications, Inc., William Giannini, Nelson Izquierdo, and Androke Polonio.

1.4 Defendants' Counsel. "Defendants' Counsel" means Laurent Drogin of Tarter Krinsky & Drogin LLP (1350 Broadway, New York, New York 10018).

1.5 Parties. "Parties" means and refers to Plaintiffs and Defendants.

1.6  **The Litigation.** "The Litigation" refers to the lawsuit captioned *Kittay et al. v. C & I Associates, Inc., et al.*, 14 Civ. 1810 (SHS) (AJP) in the U. S. District Court for the Southern District of New York.

1.7  **The Court.** "The Court" refers to the United States District Court for the Southern District of New York.

1.8  **The Bankruptcy Court.** "The Bankruptcy Court" refers to the United States Bankruptcy Court for the Southern District of New York.

1.9  **Settlement.** "Settlement" means the terms of the settlement of this Litigation, which is embodied fully in this Agreement.

1.10  **Real Property.** "Real Property" means the properties located at 602 Cedar Avenue, Scranton, PA; 1806-1808 Jackson St., Scranton, PA and 1250 Diamond Avenue, L7, Scranton, PA.

1.11  **Proceeds of the Sale of Real Property.** "Proceeds of the Sale of Real Property" means fifty per centum (50%) of the net proceeds of the sale(s) of the Real Property—the gross sale price less transfer taxes, broker fees, attorney's fees, utilities, advertising, and recording charges—to the extent that the cumulative sale price of the Real Property is $150,000.00 or less, plus, to the extent that the cumulative sale price of the Real Property exceeds $150,000.00, the entirety of the excess.

1.12  **Negotiated Settlement Payment.** "Negotiated Settlement Payment" means (a) One Hundred Eighty Thousand Dollars ($180,000.00) and (b) Proceeds of the Sale of Real Property Defendants agree to pay to settle the Litigation.

1.13  **Initial Payment.** "Initial Payment" means Defendants' payment of Fifteen Thousand Dollars ($15,000), to be made no later than one month from the date on which the Court approves this Settlement Agreement.

1.14  **Installment Payments.** "Installment Payments" means Defendants' monthly payments as set forth in Exhibit A hereto.

## 2. SETTLEMENT PAYMENTS

2.1  Negotiated Settlement Payment and Distribution to Plaintiffs.

a.  Defendant Giannini, on behalf of all Defendants, agrees to pay the Negotiated Settlement Payment of One Hundred Eighty Thousand Dollars ($180,000.00) for the purpose of settling the Litigation.

b.  The initial payment of Fifteen Thousand Dollars ($15,000.00) of the Negotiated Settlement Payment will be delivered by Defendants to Plaintiffs' Counsel no later than one month from the date on which the Court approves this Settlement.

    c.    Defendants will deliver the remaining One Hundred Sixty Five Thousand Dollars ($165,000.00) to Plaintiffs' Counsel in consecutive monthly installments for 42 months, beginning one month (and successively on or by the same day of each following month) from the date on which Defendants deliver the initial payment described above in Paragraph 2.1.b, as follows:

Months 1-12: Three Thousand Three Hundred Thirty-three and 34/100 ($3,333,34) Dollars;

Months 13-24: Four Thousand and 00/100 ($4,000.00) Dollars;

Months 25-36: Four Thousand Three Hundred Thirty-three and 34/100 ($4,333.34) Dollars;

Months 37-42: Four Thousand One Hundred Sixty-six and 67/100 ($4,166.67) Dollars.

    d.    Defendant Giannini and/or C & I Associates, Inc. and/or C & I Telecommunications, Inc. shall be responsible for administering, paying, taking, and remitting withholdings from all payments hereunder.

    e.    In the event that any of the installments are not timely paid, or are not honored by the payor bank, and if such installment remains unpaid for more than twenty-one (21) calendar days, after receipt of Notice by Defendants' counsel, and by email to Maria Giannini, Plaintiffs shall be entitled to interest on the unpaid installment in the amount of nine (9%) per annum. If the installment remains unpaid after 21 calendar days of Defendants' counsel's receipt of Notice, defendants shall be in default hereunder.

    f.    Any Notice to be sent pursuant to this Agreement shall be sent via: (i) email to Laurent S. Drogin at LDrogin@tarterkrinsky.com and Hagit Feder, at HFeder@tarterkrinsky.com; and (ii) email to Maria Giannini at Maria.Gianninil@gmail.com. If to Plaintiffs: Notice shall be sent via email to David Ureña at durena@mfy.org, Maia Goodell at mgoodell@mfy.org, and Jonathan A. Bernstein at jbernstein@levydavis.com. Notice shall be deemed to have been received upon the transmission of the emails set forth above, and the date the written copy is received. In the event the Notice is to inform of late payment, the Notice shall set forth the date on which such payment must be received in order to avoid a default. If the Notice is to inform of a default, it shall contain the date on which the default is claimed to have occurred.

    g.    Defendants shall sell the Real Property and deliver to Plaintiffs' Counsel and Plaintiffs in installments, according to <u>Exhibit A</u> annexed hereto, the Proceeds of the Sale of Real Property within 21 calendar days of the receipt of any Proceeds of Sale. In the event that any of the properties identified in Paragraph 1.10 hereof remains unsold after the date the final payments under Paragraph 2.1 c. are due, such property(ies) shall be conveyed to a trust for the benefit of the Plaintiffs and Defendant Giannini to be created by Plaintiffs' counsel. In such event, Plaintiffs shall be responsible for 50% of the costs of maintaining the property(ies) and Defendant Giannini shall be responsible for 50% of the costs of maintaining the property(ies) until such time as the property(ies) are sold. At such time, the Proceeds of the Sale of Real Property shall be distributed in accordance with Paragraph 1.11 hereof and <u>Exhibit A</u> annexed hereto.

h.  Defendants Giannini, C & I Associates, Inc. and C & I Telecommunications, Inc. shall execute an Affidavit of Confession of Judgment in the amount of Five Hundred Ten Thousand Dollars ($510,000.00), in the form annexed hereto as Exhibit B, which shall be held in escrow by Plaintiffs' Counsel pending receipt of all payments referenced above. In the event that all of the payments are made in accordance with the Agreement, Plaintiffs' Counsel shall immediately return the original Affidavit of Confession of Judgment to Defendants' Counsel.

i.  Default hereunder shall entitle Plaintiffs to file the Confession with the Clerk of the Court and to proceed with all lawful means of enforcing the judgment as confessed for the full amount with all accrued interest, attorney's fees, and costs, giving credit only for payments actually received. Plaintiffs shall provide Notice upon filing the Confession of Judgment.

2.2  Settlement Amounts Payable as Attorney's Fees and Costs.

a.  From the Negotiated Settlement Payment, Plaintiffs' Counsel shall receive Eighty-five Thousand 00/100 Dollars ($85,000), constituting attorney's fees and costs. Plaintiffs' Counsel will allocate these fees and costs as set forth in the payment schedule in Exhibit A. Plaintiffs' counsel shall provide Defendants with form W-9s prior to receipt of any payments, and shall provide Notice if any changes to the information contained on the W-9s have changed.

2.3  Taxes.

a.  On or about January 31, 2017, 2018, 2019 and 2020, Defendants (other than Izquierdo and Polonio) or their designee(s) shall furnish Plaintiffs with, and shall file with the Internal Revenue Service, Forms W-2 reflecting payments to the Plaintiffs of that portion of the Settlement Payment representing wages which was received by Plaintiffs in the prior calendar year and a Form 1099-MISC reflecting payment to the Plaintiffs of that portion of the Settlement Payment representing liquidated damages and interest which was received by Plaintiffs in the prior calendar year. Defendants (other than Izquierdo and Polonio) shall be responsible for payment of the employer share of all payroll taxes.

b.  On or about January 31, 2017, 2018, 2019 and 2020, Defendants (other than Izquierdo and Polio) or their designee(s) shall furnish Plaintiffs' Counsel with, and shall file with the Internal Revenue Service a Form 1099-MISC reflecting payment of attorney's fees in the prior calendar year.

c.  On or about January 31, 2017, 2018, 2019 and 2020, Defendants (other than Izquierdo and Polonio) or their designee(s) shall furnish Plaintiffs with, and shall file with the Internal Revenue Service, Forms 1099-MISC reflecting payment of attorney's fees in the prior calendar year.

d.  Each Plaintiff shall provide Defendants with a completed form W-4, and no payment(s) shall be payable to such Plaintiff absent receipt of such form.

## 3. RELEASES

3.1  <u>Claims Released by Plaintiffs</u>. In exchange for the Negotiated Settlement Payment set forth in Section 2 of this Agreement, and other valuable consideration set forth elsewhere in this Agreement, Plaintiffs shall, for themselves, their attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily and with the advice of counsel, fully and forever release, acquit, waive and discharge the Defendants from any and all claims asserted in the Second Amended Complaint in the Action, including FLSA, New York Labor Law ("NYLL") and New Jersey State Wage and Hour Law ("NJSWHL"), or any basis for recovering costs, fees, or other expenses including attorney's fees incurred in the Litigation (collectively, the "Released Claims"), except as set forth herein.

3.2  <u>Approval</u>. This Settlement Agreement is subject to approval by the Court and by the Bankruptcy Court. In the event that neither the Court nor the Bankruptcy Court approve the settlement in accordance with the terms of this Agreement, it shall be null, void, and of no legal effect.

3.3  <u>Non-Admission of Liability</u>. By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever, except relating in any way to Section 2.1(h).

## 4. DISMISSAL OF THE LAWSUIT

Plaintiffs authorize and instruct Plaintiffs' Counsel to sign a Stipulation of Dismissal with Prejudice ("the Dismissal Order") in the form attached to this Agreement as <u>Exhibit C</u>. The Parties shall direct their counsel to file a joint motion for approval of the settlement in the United States District Court for the Southern District of New York as soon as practicable.

## 5. MISCELLANEOUS

5.1  <u>Entire Agreement</u>. This Agreement and all attachments, constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

5.2  <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the Parties.

5.3  <u>Arm's Length Transaction; Materiality of Terms.</u> The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the parties. All terms and conditions of this Agreement in the exact

form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

5.4   Captions. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.5   Governing Law. This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein.

5.6   Amendment. This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

5.7   Effective Date. This Agreement shall become effective following its execution by the Parties and approval by the Court.

5.8   Attorney's Fees and Costs. Except as specifically provided in Paragraphs 2.1 and 2.2 of the Agreement, each Party shall be solely responsible for its or their own attorney's fees and costs in connection with the Litigation.

5.9   Fair and Reasonable Settlement. The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

5.10   Severability. In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

5.11   Continued Jurisdiction. The Court retains jurisdiction of the Litigation as necessary to enforce the terms of this Agreement.

5.12   Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

**PLAINTIFFS**

_____
David Kittay, Esq., as Trustee of the Bankruptcy Estate of Cesar Almanzar

Date:_____

_____
Felix Corporan

Date:_____

_____
Juan De La Cruz

Date:_____

_____
Juaneris De La Cruz

Date:_____

_____
Juan Diaz

Date:_____

**DEFENDANTS**

*/s/ William Giannini*
_____
William Giannini

Date: 11/23/16

*/s/ Nelson Izquierdo*
_____
Nelson Izquierdo

Date: 11/21/16

_____
Androke Polonio

Date:_____

*/s/ William Giannini*
_____
William Giannini for
C & I Associates, Inc.

Date: 11/23/16

*/s/ William Giannini*
_____
William Giannini for
C & I Telecommunications, Inc.

Date: 11/23/16

{Client/004006/WH188/01168320.DOCX;1 }   8

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

| PLAINTIFFS | DEFENDANTS |
|---|---|
| _____ <br> David Kittay, Esq., as Trustee of the <br> Bankruptcy Estate of Cesar Almanzar <br><br> Date: _____ | _____ <br> William Giannini <br><br> Date: _____ |
| _____ <br> Felix Corporan <br><br> Date: _____ | _____ <br> Nelson Izquierdo <br><br> Date: _____ |
| _____ <br> Juan De La Cruz <br><br> Date: _____ | _____/s/_____ <br> Androke Polonio <br><br> Date: 12-15-2016 |
| _____ <br> Juaneris De La Cruz <br><br> Date: _____ | _____ <br> William Giannini for <br> C & I Associates, Inc. <br><br> Date: _____ |
| _____ <br> Juan Diaz <br><br> Date: _____ | _____ <br> William Giannini for <br> C & I Telecommunications, Inc. <br><br> Date: _____ |

8